UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SANDRA LEIA BEENE | CIVIL ACTION NO. 05-1057 |
| versus | JUDGE STAGG |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **REFERRED TO:** **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

**Introduction**

Sandra Beene ("Plaintiff") applied for disability benefits based primarily upon the effects of Hepatitis C and related treatment, as well as other problems including non-epileptic seizure-like events. Plaintiff, who has past work experience that includes employment as a surgical technician (dental and organ), was 41 years old when ALJ Charles Lindsay denied her claim in October 2004.

The ALJ analyzed the claim under the familiar five-step sequential analysis. He found that Plaintiff had not engaged in substantial gainful activity (step one) and had Hepatitis C, scoliosis and non-epileptic events, impairments that are severe (step two) within the meaning of the regulations, but not severe enough to meet or medically equal a listed impairment (step three).

The ALJ then discussed the medical evidence and testimony and, after assessing the relative weight of the evidence, found that Plaintiff had the following residual functional

capacity ("RFC"): the ability to perform "light work activity reduced by inability to work in the presence of high concentrations of dust, fumes, gases, smoke or other airborne respiratory irritants; stand two hours at a time, sit one hour at a time, while completing an entire eight-hour workday; moderately reduced by inability to understand, remember and carry out detailed instructions, but not limited in ability to understand, remember and carry out simple job instructions; moderately limited in ability to maintain attention and concentration for extended periods, interact with the general public and set goals independently of others. Where moderate means there is moderate limitation in this area, but the individual is still able to function satisfactorily."

The ALJ then posed hypotheticals to a vocational expert ("VE") and asked whether a person with Plaintiff's RFC and vocational factors could perform Plaintiff's past relevant work. The VE testified that such a person could not perform Plaintiff's past relevant work (step four) and the ALJ accepted that testimony. Relevant to step five, whether Plaintiff can perform the demands of other jobs available in the economy, the VE testified that Plaintiff could perform the work of dental assistant, cashier II and ticket seller. The ALJ, based on that testimony and using Medical-Vocational Rule 202.22 as a framework for decision making, concluded that Plaintiff was not disabled within the meaning of the regulations.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28

U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff lists three errors on appeal. She complains that she did not knowingly and intelligently waive her right to representation, that the ALJ used an erroneous definition of "moderate" with respect to her mental limitations, and that the RFC found by the ALJ is not supported by substantial evidence.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Waiver of Representation**

A claimant has a statutory right to counsel at a benefits hearing. 42 U.S.C. § 406. The Commissioner is required by Section 406(c) to notify each claimant in writing of the options

for obtaining attorneys to represent persons in presenting their cases before the agency. The notification "shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." Id. The notice need not guarantee the availability of free legal services, as such services may or may not be available in a particular community. Clark v. Schweiker, 652 F.2d 399, 403 (5th Cir. 1981).

When determining whether a claimant has received adequate notice of and knowingly and intelligently waived his right to representation, the courts frequently look to whether the agency has explained to the claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility the claimant could qualify for free representation or a contingency fee arrangement, and (3) the limitation on the amount of benefits the agency will withhold to pay toward an attorney fee. See, e.g., Castillo v. Barnhart, 325 F.3d 550, 552 (5th Cir. 2003); Clark, 652 F.2d at 403-04.

After Plaintiff's claim was denied at the lower administrative level, Plaintiff was advised in writing of her right to request a hearing. The notice described the hearing process and contained the following information under a heading "IF YOU WANT HELP WITH YOUR APPEAL":

> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a

lawyer, we will withhold up to 25% of any past due Social Security benefits to pay toward the fee. We do not withhold money from SSI benefits to pay your lawyer.

Tr. 26. The agency later sent Plaintiff another letter that again described the hearing process and, under the heading "Your Right to Representation," provided the following information:

> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing. If you decide to have a representative, you should find one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it.
>
> We have enclosed the leaflet 'Social Security and Your Right to Representation.' We are also enclosing a list of groups that can help you find a representative.
>
> If you get a representative, you or that person should call us to give us his or his name, address and telephone number. You also will need to complete our Form SSA 1696-U4 Appointment of Representative. Any local Social Security office can give you this form.

Tr. 29-30. The leaflet is not in the record filed with the court, but the current version of the leaflet is SSA Publication No. 05-10075, and it is available on the agency's website at www.ssa.gov/pubs/10075.html. The leaflet sets forth clear and concise information about what a representative can do to help a claimant, the possible availability of free legal services or services from a representative who does not charge a fee unless the claimant receives benefits, that the representative may not charge a fee unless it is approved by the agency, the limits on the amount of a fee, and that the agency will usually withhold up to 25% (but never

more) of past-due benefits to pay toward a fee. The agency does not, however, withhold an amount for a fee in an SSI case.

Plaintiff nonetheless elected to execute a Waiver of Your Right to Personal Appearance Before An Administrative Law Judge. Tr. 32. The form included an acknowledgment that Plaintiff understood that: "I have a right to be represented and that if I need representation, the Social Security Office or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative." Plaintiff wrote that the reason she did not want to appear at the hearing was: "I cannot afford a lawyer and legal aide turn(ed) me down." Plaintiff went on to set forth various medical problems that she experiences. The ALJ included in his decision a finding that Plaintiff "was fully apprised of the right to representation" but that she chose to proceed without a representative. Tr. 14.

The record shows that Plaintiff is well educated, literate, and capable of understanding the forms and notices she received from the agency. The written communications to Plaintiff conveyed all the information she needed to be adequately informed about her right to representation and to make a knowing and intelligent decision regarding representation. Plaintiff did not express any confusion about her right to representation, and her statement that she had attempted to obtain representation indicated that she was aware of that right. The law does not guarantee that a claimant will be represented by counsel before the agency or that the claimant will be able to find free representation; it only requires that the agency adequately advise the claimant of her right to representation and make sure that any waiver

of that right is made knowingly and intelligently.  There was no error in this case.

Furthermore, assuming error, judicial reversal and remand is not required unless the claimant shows that she was prejudiced by a lack of representation.  Brock v. Chater, 84 F.3d 726 n. 1 (5th Cir. 1996) (Claimant was not prejudiced because he could point to no evidence that "would have been adduced and that could have changed the result had [the claimant] been represented by counsel.").  Plaintiff urges only that her other errors, discussed below, constitute prejudice,  but there is no basis for finding that the Commissioner would have reached a different conclusion on either of those issues if Plaintiff had been represented before the agency.

**RFC and Substantial Evidence**

The RFC assessed by the ALJ included a moderately reduced ability to understand, remember and carry out detailed instructions, and a moderate limitation in the abilities to maintain attention and concentration for extended periods, interact with the general public, and set goals independently of others.  The ALJ explained that when he said moderate, he meant "there is moderate limitation in this area, but the individual is still able to function satisfactorily." Tr. 18.

Plaintiff complains that there is not evidence to support those aspects of the RFC. Thomas Staats, Ph.D., a clinical neuropsychologist, conducted a consultative mental status examination. He concluded that Plaintiff's thinking was adequate, and her understanding and memory were intact.  Plaintiff's sustained concentration was said to be adequate, but her

persistence was marginal from a psychological standpoint (and poor from a physical standpoint). Plaintiff's social interaction was deemed marginal. Dr. Staats' diagnosis was depression and anxiety due to the general medical condition and the adverse effects of medications. Tr. 116-18. A clinical psychologist with the state agency completed a form that indicated that Plaintiff was not significantly limited in most areas, but that she was "moderately limited" in the ability to understand and remember detailed instructions, carry out detailed instructions, and maintain attention and concentration for extended periods. Tr. 133-36, 139.

As Plaintiff has pointed out in her brief, there is no definition of moderately limited in the regulations that applies in this setting. Plaintiff represents that the agency's internal procedures state that moderately limited is to be checked on the form, discussed above, completed by the state agency physician or psychologist only when the evidence supports a conclusion that the individual's capacity to perform the activity is impaired. Plaintiff says there is no suggestion that moderately limited implies or means that the individual is, as in the ALJ's definition, still able to function satisfactorily in that area. The record does not disclose what standard the state agency psychologist had in mind when she completed the form.

The ALJ did not discuss the evidence (summarized above) regarding Plaintiff's mental limitations, but the undersigned is persuaded that his ultimate conclusions set forth in his RFC are supported by substantial evidence. The definition of moderate employed by the ALJ

in his decision perhaps differed from the definition the state agency psychologist had in mind when she completed the assessment form, but the more detailed narrative report from Dr. Staats provides substantial evidence for the ALJ's decision under the definition of moderate that he employed.

**Moderate Limitation**

Plaintiff argues that the definition of moderate employed by the ALJ is not correct under the regulations. The term moderate appears in the regulations in various places, but it does not appear to be specifically defined in the regulations. Plaintiff urges that moderate, because it falls between mild and marked, should be read to indicate a greater level of limitation than employed in the ALJ's definition. Plaintiff points to information in various agency forms and the Commissioner's Program Operations Manual System ("POMS") to support her argument. One of the forms submitted by Plaintiff, a medical source statement, defines moderate just as the ALJ did, to mean there is a moderate limitation in the area but the individual is still able to function satisfactorily.

The critical issue for purposes of appeal is not the precise definition of moderate when it is employed in various places in the regulations. What is important here is how the ALJ defined the term for the VE and whether the VE knew that was the degree of limitation she was assessing when determining whether the hypothetical person could perform the demands of work. The question the ALJ posed to the VE asked her to assume the RFC found by the ALJ, and it specifically included an explanation that when the ALJ said moderate limitation,

he meant "there is moderate limitation in this area but the individual is still able to perform the task satisfactorily." Tr. 67. There is no indication that the VE relied upon a different definition of moderate that she may have believed was intended by the regulations. Rather, she testified based on the question posed to her by the ALJ, and her testimony provides substantial evidence for the step five decision. There is no reversible error under these circumstances.[1]

Accordingly, the decision of the Commissioner to deny benefits is affirmed, and a judgment will be entered dismissing Plaintiff's complaint with prejudice.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of July, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] A similar argument arose in Martinez v. Barnhart, 2003 WL 22736530 (W. D. Tex. 2003) where the ALJ offered two definitions for moderate. One was that the person had a severe limitation but was still able to do the function satisfactorily. The other definition was that the ability to function in that area was fair, meaning the person could perform the activity satisfactorily some of the time. The ALJ's decision was affirmed because the court found that the VE's testimony reflected that, under either definition, the hypothetical person could perform the jobs at issue. Moreover, the court added: "The Court does not find that the ALJ relied on an incorrect standard, even if the ALJ defined 'moderately limited' as the ability to function satisfactorily."